IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY,            *

    Plaintiff,                                      *

    v.                                              *            CIVIL NO. RDB-21-0842

HEINZ OTTO GEORG,                       *

    Defendant.                                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Old Republic National Title Insurance Company ("Plaintiff" or "Old Republic") brought this breach of contract action on April 2, 2021, against Defendant Heinz Otto Georg ("Defendant" or "Georg") for his failure to make payments on a loan. After consistent delay and without filing an answer in the instant case, Defendant entered bankruptcy proceedings and this case was administratively closed. Upon conclusion of the bankruptcy proceedings, Plaintiff moved to reopen the case, which this Court granted. (ECF Nos. 19, 20.) Georg again failed to respond to the Complaint, and a Clerk's Entry of Default and Notice of Default were entered against him on June 10, 2022. (ECF Nos. 25, 26.) A month later, Defendant subsequently filed a Motion to Vacate the Clerk's Entry of Default (ECF No. 27), which is presently at issue. Plaintiff has opposed the Motion (ECF No. 28), Defendant has replied (ECF No. 31), and Plaintiff was permitted, and filed, a surreply (ECF No. 36). The Court has considered the filings and no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). Because Defendant has not shown good cause to set aside the entry of default, Defendant's Motion to Vacate (ECF No. 27) is DENIED.

**BACKGROUND**

On October 26, 2006, Georg borrowed a principal amount of $1,130,119.00 from First Horizon Home Loan Corporation ("First Horizon") relating to property located in Cockeysville, Maryland. (ECF No. 1-2.) The loan was memorialized by a Note, which explained that the principal amount on the loan plus a 6.750% yearly interest would be due to the holder of the Note. *Id.* The Note set forth a payment scheme which provided that Georg would make a monthly payment on the first of every month for interest only, totaling $6,356.92, for the first 120 months beginning December 1, 2006. After that date, Georg was to make monthly payments accounting for both interest and principal, totaling $8,593.02, until the entire loan was paid or until the loan's maturity date, whichever was sooner. *Id.* The loan's maturity date was set for November 1, 2036, upon which the full balance, if any, of principal and interest would be due. *Id.* If Georg did not pay the full monthly amount due, the Note's provisions deemed him in default of the loan, upon which the Note Holder would send a letter to Georg outlining the procedure to cure the default and the timeline for when the full amount of principal plus interest would be accelerated and due. *Id.* The Note also states that the Lender may accelerate the loan, subject to notice requirements, if "all or any part of the Property or any Interest in the Property is sold or transferred … without Lender's prior written consent." *Id.*

Under the provision governing the "Borrower's Promise to Pay", the Note states that the "Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (ECF No. 1-2.) The Note is comprised of four pages; pages one and two contain the provisions of

the Note and are initialed by George, and pages three and four contain signatures from both Georg and B.J. Cooley, the Vice President of First Horizon. *Id.*

As holder of the Note, Old Republic initiated suit in this Court on April 2, 2021, alleging that Georg was in default of his loan. (ECF No. 1.) The Complaint states that Georg failed to make monthly payments beginning March 1, 2009, and through April 1, 2021. *Id.* at 2. As per the Note's provision, Old Republic provided Georg the requisite notice of acceleration, but Georg has failed to make any payment. *Id.* Plaintiff also notes that Defendant violated the terms of the Note when he transferred the subject property to his wife's sole ownership in October 2018. *Id.* at 3. Defendant's wife then transferred the property to herself and another person as joint tenants in February 2019. *Id.* Based on the breaches of payment and transferability, Old Republic demands payment of the loan and interest in full, as well as late fees and attorneys' fees. *Id.*

On May 17, 2021, Plaintiff filed a Motion for Alternative Service which outlined the numerous attempts to serve to Defendant at his residence in Baltimore, Maryland. (ECF No. 5.) That Motion indicated that Georg had been purposefully evading service of process for months, and requested that Georg be served by mail, delivery to a third party, and email. *Id.* This Court approved the alternate service process that same day. (ECF No. 6.) Over a week later, Plaintiff notified the Court that it had received information that Georg was residing in Germany. (ECF No. 7.) Thereafter, on June 9, 2021, Plaintiff filed a Motion to Rescind (ECF No. 10) its request and the Court's Order allowing alternative service of process, and instead requested summons for Georg's Germany address (ECF No. 8). This Court granted Plaintiff's

request and its previous Motion for Alternative Service and the Court's Order granting same were stricken. (ECF No. 11.)

Two months later, Georg filed correspondence with the Court which stated that he was a German citizen residing in Germany with no assets and limited retirement used to support his wife who lives in the United States. (ECF No. 12.) That letter also referenced and attached a barely legible tax form dated January 31, 2019, prepared by someone from Nationstar Mortgage LLC, purporting to cancel a debt. (ECF No. 12-1.) Following this correspondence from Defendant, Plaintiff filed a Motion Requiring Defendant to Amend Answer (ECF No. 13) based on the requirement in Federal Rule of Civil Procedure 8(b) that a party must admit or deny allegations in the complaint. This Court granted that Motion and directed Defendant to amend his Answer by September 13, 2021. (ECF No. 14.) The Court's Order stated that "if Defendant fails to comply, upon Motion from Plaintiff, the Court may strike the letter…any subsequent deficient Answer, and/or deem the allegations in the Complaint deemed admitted as true." *Id.*

On September 13, 2021, Georg emailed the Court requesting an extension of time to answer the Complaint. (ECF No. 15.) This Court granted Defendant a sixty-day extension. (ECF No. 16.) Plaintiff's counsel then informed the Court that Georg had filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the District of Maryland on October 30, 2021. (ECF No. 17.) As a result, this Court administratively closed this case to comply with the stay provision of 11 U.S.C. § 362(a). (ECF No. 18.) On May 11, 2022, upon conclusion of the bankruptcy proceedings, Plaintiff filed a Motion to Reopen the Case. (ECF No. 19.) On the same day, this Court granted that Motion, reopened the case, and directed

4

Defendant to comply with its previous Order requiring Defendant file an amended answer to the Complaint within twenty-one days. (ECF No. 20.) After no amended answer was filed, Plaintiff filed a Motion to Strike Defendant's previous letter to the Court and to deem the allegations in the Complaint admitted as true. (ECF No. 21.) This Court granted that Motion on June 7, 2022, and Defendant's letter was stricken and the allegations in Plaintiff's Complaint were deemed true. (ECF No. 23.) Two days later, Plaintiff filed a Motion for Clerk's Entry of Default for want of answer, and a Clerk's Entry of Default and Notice of Default as to Defendant was filed on June 10, 2022. (ECF Nos. 25, 26.)

Almost a month later, Defendant filed the instant Motion to Vacate Clerk's Entry of Default. (ECF No. 25.) Defendant's brief Motion principally argues that he "did not timely secure counsel" and was thus unable to comply with the Court's Orders; however, now that he is represented by counsel, and because the Fourth Circuit has a "strong policy that cases should be decided on the merits", the Order of Default should be vacated. *Id.* at 2-3. Plaintiff opposes, highlighting that Defendant has been evading the merits since the case's inception. (ECF No. 28 at 1.) Plaintiff also emphasizes that Defendant has summarily asserted that he has meritorious defenses to the claims against him, but has failed to substantiate or apprise the Court of those defenses. *Id.* at 3. Gleaning the only possible substantive defense that Defendant could raise, Plaintiff argues that the referenced debt cancellation from Nationstar Mortgage was in error and Georg was provided an updated tax form reflecting that the debt had not been cancelled. *Id.*

Georg's Reply provides more substance. (ECF No. 31.) He first asserts that Plaintiff has not authenticated or verified that the updated tax form regarding debt cancellation was

even mailed to Georg. *Id.* at 2. He also argues that the deed of trust which secured the Note was released by its insured in October 2019, thereby foreclosing this case pursuant to the doctrine of accord and satisfaction. *Id.* Finally, Georg contends that he has a defense under *res judicata* because Plaintiff has previously sued him in state court after initiating foreclosure proceedings based on non-payment of the Note in 2009. *Id.* at 3. In providing these substantive arguments, Defendant challenges that factors employed by the Fourth Circuit in determining whether to vacate default judgment are in his favor. *Id.*

Upon initial review of the filings, the Court directed Georg "to provide a copy of his passport to document his dates of residence in the United States and Germany since the initial filing of this action on April 2, 2021" and "an affidavit attesting to his residence in the United States and Germany with specific periods noted and a chronology since April 2, 2021." (ECF No. 32.) In compliance with that Order, Defendant filed a copy of his passport and provided an affidavit stating that he had lived in Germany since August 14, 2020, and was issued a new passport on August 17, 2020. (ECF No. 22.) He stated that he had not traveled to any other country, including the United States, since his passport renewal. *Id.*

With permission of the Court (ECF Nos. 34, 35), Plaintiff filed a Surreply (ECF No. 36) on January 3, 2023. Plaintiff argues that Defendant's bankruptcy petition listed a Baltimore address as his current residence, and included the statement that in the last 180 days before filing his bankruptcy he had "lived in the district longer than in any other district." (ECF No. 36 at 2.) In emphasizing this discrepancy, Plaintiff argues that "it is quite clear that the bankruptcy was not part of a legitimate effort for bankruptcy protection, but instead part of a

deliberate effort to stall this litigation." *Id.* at 3. Upon consideration of the filings, the Court DENIES Defendant's Motion to Vacate (ECF No. 27).

## STANDARD OF REVIEW

"The court may set aside an entry of default for good cause…." Fed. R. Civ. P. 55(c). A district court has discretion over whether to vacate an entry of default. *See Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) (citing *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)). In exercising this discretion, the Court is mindful that the Fourth Circuit has "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

In deciding whether to vacate entry of default, courts are to consider six factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–05 (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). In weighing these factors, a district court should not "place[] overarching emphasis on a single *Payne* factor." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 419 (4th Cir. 2010).

## ANALYSIS

Analysis under the *Payne* factors dictates that Defendant has not shown good cause to set aside the entry of default against him. As an initial matter, Defendant's Motion fails to highlight any meritorious defenses; it is not until his Reply that he attempts to produce a

defense to the claims against him.[1] As is the theme with Georg's litigation tactics, his arguments are too little too late. Defendant first argues that he has a defense under the doctrine of accord and satisfaction. Under Maryland law, accord and satisfaction is an affirmative defense which requires proof that (1) there was a bona fide dispute, (2) the parties entered into an agreement to settle that dispute, and (3) the parties performed the agreement. *Parker v. Prudential Ins. Co. of Am.*, 900 F.2d 772, 777 (4th Cir. 1990). "[T]he burden of proving an agreement rests with the defendant." *Id.* Defendant vaguely argues that the deed of trust securing the Note at issue was released by its insured in October 2019. (ECF No. 31 at 2.) He urges the Court to make the inference that, because the deed could only be released upon payment of all sums secured by the Note, payment is no longer due. *Id.* This overly broad argument simply fails to establish that there was an agreement between the parties to settle the instant dispute. Furthermore, Plaintiff has argued and provided evidence that the cancellation of debt was made in error around the same timeframe, which casts doubt on the applicability of any accord and satisfaction defense. Without more, this last-minute overly vague defense is not meritorious.

Similarly, Defendant's *res judicata* defense is deficient and unconvincing. "Under the doctrine of *res judicata*, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276

---

[1] "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). "However, the power to decline consideration of such arguments is discretionary, and courts are not precluded from considering such issues in appropriate circumstances." *Id.* Here, the Court will consider Defendant's arguments raised for the first time in his Reply because Plaintiff was afforded the opportunity for a surreply.

(4th Cir. 2016) (internal quotations and citations omitted). "[T]here must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* (internal quotations and citations omitted). Defendant merely cites to a State of Maryland case from 2017 and summarily states that Plaintiff has previously attempted to collect on its instant claim in past foreclosure proceedings. (ECF No. 31 at 3.) In reviewing that case, the Court of Appeals of Maryland (now the Supreme Court of Maryland) recited the facts of the case as one in which:

> a financial institution that was the former owner of a note for a refinance mortgage loan sued a married couple for reformation of the refinance deed of trust because the wife had not signed the refinance deed of trust, and the former owner of the note was thus unable to institute foreclosure proceedings against the couple's property, which the couple owned as tenants by the entirety.

*Bank of New York Mellon v. Georg*, 175 A.3d 720, 725 (Md. 2017). In explaining the relevant *res judicata* principles, the Court of Appeals highlighted that "collateral estoppel may be invoked when in a second suit between the same parties, even if the cause of action is different, any determination of fact that was actually litigated and was essential to a valid and final judgment is conclusive." *Id.* at 750 (internal quotations and citation omitted). Through a series of string cites, Defendant seemingly argues that Plaintiff could have brought the claims in the instant action in those cases in the past. (ECF No. 31 at 3.) In the case cited by Defendant, First Horizon filed suit in state court "seeking reformation of the refinance Deed of Trust." *Id.* at 728. In this case, Old Republic brings a one-count breach of contract claim against Georg. (ECF No. 1.) The underlying determinations of fact as explained in the 2017 Maryland case centered around Georg's wife's participation in the deed of trust and issues of mutual mistake

9

– there is no indication that findings of fact were made as to whether Georg breached the provisions in the Note. In other words, Defendant has failed to emphasize how this claim could have been brought in a previous foreclosure suit which centered around reforming a deed of trust to ensure priority on a mortgage lien. The claim at issue here has not been previously litigated and there is no judgment on its merits, nor has Defendant shown that the claim could have been raised in the past; therefore, Defendant has not shown any *res judicata* defense would be meritorious.

The remaining factors also favor maintaining default. Defendant filed the instant Motion to Vacate within the thirty days outlined by the Notice of Default, and the factor of promptness *as to this motion* rests in his favor; however, he has been late or otherwise unresponsive as to rest of the litigation. As Plaintiff has noted, Defendant has consistently evaded response and participation since the case's inception in 2021. Georg has largely acted as *pro se* in this case, and he has personally failed to comply with Court Orders and Rules, particularly pertaining to deadlines. More specifically, he has ignored deadline extensions and Court Orders directing him to file an answer to the Complaint.

Furthermore, it is not until recently that the Court obtained evidence that Georg resided in Germany, despite conflicting evidence produced by Plaintiff that he has been living in Baltimore, Maryland. His domicile uncertainty produced significant delay in the beginning of litigation, and there was indication that he purposefully evaded service of process. Such consistent dilatory behavior, further emphasized by the bare bones instant Motion, is unbecomingly characteristic in this litigation. Therefore, viewing the *Payne* factors in totality, particularly Defendant's ongoing evasive behavior and lack of participation in the case, entry

of default remains proper. *See Dominion Fin. Servs., LLC v. Pavlovsky*, No. CV JKB-22-00705, 2022 WL 4631072, at *4 (D. Md. Sept. 30, 2022) ("the Court finds that it would be inappropriate to excuse behavior as evasive as [Defendant]'s by allowing him another opportunity to answer [Plaintiff]'s claims.").

## CONCLUSION

For the reasons stated above, Defendant's Motion to Vacate (ECF No. 27) is DENIED. A separate Order follows.


Dated: February 23, 2023                    _____/s/_____
                                            Richard D. Bennett
                                            United States District Judge