IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>OLD REPUBLIC NATIONAL<br>TITLE INSURANCE COMPANY</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>*Plaintiff*,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td>Civil Action No. RDB-21-842</td></tr>
<tr><td>v.</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>HEINZ OTTO GEORG,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>*Defendant*.</td><td></td><td></td></tr>
</table>

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On April 2, 2021, Plaintiff Old Republic National Title Insurance ("Plaintiff" or "Old Republic") filed this action against Defendant Heinz Otto Georg ("Defendant" or "Georg"), alleging breach of contract for Georg's failure to make payments on a loan and transfer of real property without written consent of Old Republic or any of its predecessors-in-interest. (Compl. ¶¶ 16, 21, ECF No. 1).  Pending before this Court is Plaintiff's Motion for Default Judgment (ECF No. 39).  Defendant has opposed the Motion, (ECF No. 40), and Plaintiff has replied.  (ECF No. 43.)  The Court has considered the filings and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, Plaintiff's Motion for Default Judgment (ECF No. 39) is GRANTED.

## BACKGROUND

On October 26, 2006, Georg borrowed a principal amount of $1,130,119.00 from First Horizon Home Loan Corporation ("First Horizon") relating to property located in Cockeysville, Maryland (the "subject property").  (Compl. ¶ 6; ECF No. 1; Ex. 1, ECF

No. 1-2.)  The loan was memorialized by a Note signed by Georg dated October 26, 2006 (the "Note").  (Ex. 1, ECF No. 1-2.)

The Note explained that the principal amount on the loan plus a 6.750% yearly interest would be due to the holder of the Note.  (Ex. 1 § 2, ECF No. 1-2.)  The Note set forth a payment scheme which provided that Georg would make a monthly payment on the first of every month for interest only, totaling $6,356.92, for the first 120 months beginning December 1, 2006.  (*Id.* at § 3.)  After that date, Georg was to make monthly payments accounting for both interest and principal, totaling $8,593.02, until the entire loan was paid or until the loan's maturity date, whichever was sooner.  (*Id.*)  The loan's maturity date was set for November 1, 2036, upon which the full balance, if any, of principal and interest would be due.  (*Id.*)

In the event of late payment, the Note permitted the Note holder to charge a 5% late fee charge on monthly payment not received within 15 days after the date it is due.  (*Id.* at § 6.)  If Georg did not pay the full monthly amount due, the Note's provisions deemed him in default of the loan, upon which the Note Holder would send a letter to Georg outlining the procedure to cure the default and the timeline for when the full amount of principal plus interest would be accelerated and due. (*Id.*)  Relatedly, the Note provides that Georg is responsible for costs and expenses incurred in enforcing the Note.  (*Id.*)  The Note also states that the Lender may accelerate the loan, subject to notice requirements, if "all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent."  (*Id.* at § 10.)

Under the provision governing the "Borrower's Promise to Pay", the Note states that the "Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  (*Id.* at § 1.)  The Note is comprised of four pages; pages one through three contain the provisions of the Note, (*id.* at 1–3); pages one and two are initialed by Georg (*id.* at 1–2); and pages three and four contain signatures from Georg and B.J. Cooley of First Horizon.  (*Id.* at 3–4.)

As holder of the Note,[1] Old Republic initiated suit in this Court on April 2, 2021, alleging that Georg was in default of his loan.  (Compl., ECF No. 1.)  The Complaint states that Georg failed to make monthly payments beginning March 1, 2009, and through April 1, 2021.[2]  (*Id.* at ¶ 11.)  As per the Note's provision, Old Republic provided Georg the requisite notice of acceleration, but Georg has failed to make any payment.  (*Id.* at ¶ 12.)  Plaintiff also states that Defendant violated the terms of the Note when he transferred the subject property to his wife's sole ownership in October 2018.  (*Id.* at ¶¶ 15–18.)  Defendant's wife then transferred the property to herself and another person as joint tenants in February 2019.  (*Id.*)  Based on the breaches of payment and transferability, Old Republic demands payment of the loan and interest in full, as well as late fees and attorneys' fees and costs.  (*Id.* at ¶¶ 20–26.)

---

[1] In December 2006, First Horizon assigned and sold the Note to the Bank of New York Mellon ("BNYM"), but First Horizon remained as the loan servicer.  *Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 729 (Md. 2017).  On or about May 29, 2018, BNYM assigned its interest in the Note to Old Republic.  Compl. at ¶ 63, *Old Republic Nat'l Title Ins. Co. v. Schulman*, No. TDC-18-3695, 2019 U.S. Dist. LEXIS 216386 (D. Md. Dec. 16, 2019), ECF No. 1.

[2] Plaintiff's Motion for Default Judgment notes that Georg has failed to make monthly payments from March 1, 2009 through the present.  (Mem. Supp. 2, ECF No. 39-1.)

Defendant was served on July 30, 2021.  (ECF No. 22.)  On August 11, 2021, then-*pro se* Defendant filed correspondence with the Court which stated that he was a "German citizen, residing in Germany" with "no assets" and "limited retirement . . . use[d] to support [his] wife" who lives in the United States.  (ECF No. 12.)  Following this correspondence from Georg, Plaintiff filed a Motion Requiring Defendant to Amend Answer, (ECF No. 13), based on the requirement in Federal Rule of Civil Procedure 8(b) that a party must admit or deny allegations in the Complaint.  This Court granted that Motion and directed Defendant to amend his Answer by September 13, 2021.  (Order, ECF No. 14.)  The Court's Order stated that "if Defendant fails to comply, upon Motion from Plaintiff, the Court may strike the letter . . . any subsequent deficient Answer, and/or deem the allegations in the Complaint deemed admitted as true."  (*Id.*)  On September 13, 2021, Georg emailed the Court requesting an extension of time to answer the Complaint, (Mot. for Extension of Time, ECF No. 15), and this Court granted Defendant a sixty-day extension.  (Order, ECF No. 16.)

On November 12, 2021, Plaintiff's counsel informed the Court that Georg had filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the District of Maryland on October 30, 2021.[3]  (Suggestion of Bankr., ECF No. 17.)  As a result, this Court administratively closed this case to comply with the stay provision of 11 U.S.C. § 362(a).  (Order, ECF No. 18.)  On May 11, 2022, upon conclusion of the bankruptcy proceedings,[4]

---

[3] In his Opposition to Plaintiff's Motion for Default Judgment, Georg contends that he was unaware that counsel had filed the Bankruptcy Petition on October 30, 2021.  (ECF No. 40 at 7.)  The Bankruptcy Petition included a Baltimore address and indicated that he had assets worth between $500,000 and $1,000,00 and no liabilities.  (ECF No. 28-1 at 1, 6.)

[4] On April 18, 2022, the Bankruptcy Court admonished Georg to file a Chapter 13 Plan and Certificate of Mailing Plan to all creditors.  (Ex. 1, ECF No. 19-1.)  On May 6, 2022, the Bankruptcy Court issued a Notice of Dismissal for Georg's failure to comply with the court's instructions.  (*Id.*)

Plaintiff filed a Motion to Reopen the Case. (ECF No. 19.) On the same day, this Court granted that Motion, reopened the case, and directed Georg to comply with its previous Order requiring him to file an amended answer to the Complaint within twenty-one days. (Order, ECF No. 20.) Defendant did not file an amended answer, and on June 3, 2022, Plaintiff filed a Motion to Strike Defendant's previous letter to the Court and to deem the allegations in the Complaint admitted as true. (ECF No. 21.) This Court granted that Motion on June 7, 2022, and Defendant's letter was stricken and the allegations in Plaintiff's Complaint were deemed true. (Order, ECF No. 23.) Two days later, Plaintiff filed a Motion for Clerk's Entry of Default for want of answer, (ECF No. 24), and a Clerk's Entry of Default and a Notice of Default as to Defendant were filed on June 10, 2022. (ECF Nos. 25, 26.)

On July 5, 2022, Defendant, now represented by counsel, filed a three-page Motion to Vacate Order of Default. (ECF No. 27.) Plaintiff opposed the Motion, (ECF No. 28), Defendant replied, (ECF No. 31), and Plaintiff was permitted, and filed, a surreply. (ECF No. 36.) On February 23, 2023, this Court denied Defendant's Motion, directing Old Republic to file its Motion for Default Judgment within thirty days. (Order, ECF No. 38.)

Plaintiff filed the instant Motion for Default Judgment twenty-nine days later, on March 24, 2023. (ECF No. 39.) Defendant has opposed the Motion, (ECF No. 40), and Plaintiff has replied. (ECF No. 43.)

## STANDARD OF REVIEW

Entries of default and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." In considering a motion for default judgment, this Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). However, "liability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 1998); *see also Ryan*, 253 F.3d at 780–81. Although the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then turn to the determination of damages. *See Ryan*, 253 F.3d at 780–81. The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. *See Lawbaugh*, 359 F. Supp. 2d at 422. Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g., Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (collecting cases); *see also* 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. Supp. 2010).

## ANALYSIS

Through its Motion for Default Judgment, Old Republic seeks damages in the principal amount of $1,130,119.00, interest in the amount of $1,055,248.70, late fees in the amount of $61,577.82, post-judgment interest on the principal amount, plus reasonable attorneys' fees and costs. (ECF No. 39.)  Georg has opposed the motion, arguing for the first time in this lengthy litigation that Old Republic has failed to establish jurisdiction and standing; that this Court's decision not to vacate the clerk's default was an abuse of discretion; and that Plaintiff has not met its burden regarding damages, (ECF No. 40,) and Plaintiff has responded.  (ECF No. 43.)  This Court will address Defendant's challenge to jurisdiction, standing, and this Court's previous decision not to vacate the clerk's default before turning to evaluate the Plaintiff's allegations supporting liability and determining the appropriate relief and damages. In determining relief and damages, this Court finds that no evidentiary hearing is necessary and instead relies on the affidavits and other evidence in the record.  *Monge*, 751 F. Supp. 2d at 794.

## I.      Defendant's Arguments

Before turning to the issue of liability and relief, this Court will address the various arguments advanced by Georg in his Opposition to Plaintiff's Motion for Default Judgment. (ECF No. 40.)  The issue of whether Plaintiff has met its burden regarding damages is discussed in Section III below.

### A. Defendant's Argument Regarding Jurisdiction Is Untimely and Without Merit.

In Defendant's Opposition to Plaintiff's Motion for Default Judgment, Georg asserts for the first time that this Court lacks jurisdiction.  (ECF No. 40 at 8–10.)  Federal courts have

original jurisdiction over two kinds of civil actions: those which are founded on a claim or right arising under the Constitution, treaties, or laws of the United States, and those where the matter in controversy exceeds $ 75,000 and complete diversity of citizenship exists between parties. U.S. CONST. art. III, § 2; 28 U.S.C. §§ 1331, 1332.  In relevant part, 28 U.S.C. § 1132(a) provides for jurisdiction for diversity of citizenship where the matter in controversy exceeds $75,000 and is between citizens of different states, *id.* § 1332(a)(1), *or* between citizens of a State and citizens or subjects of a foreign state.  *Id.* § 1332(a)(2).  Here, Old Republic was and is a citizen of the state of Florida.  (Compl. ¶ 1, ECF No. 1.)  While Old Republic alleged that Georg was a citizen of the State of Maryland, (*id.* at ¶ 2), he is and was at all times during the relevant time period a citizen of Germany.  (Decl. Heinz Otto Georg ¶ 2, ECF No. 33-1.)  As such, the Plaintiff's Complaint correctly invokes diversity jurisdiction under 28 U.S.C. § 1332(a).

Georg further avers that this Court does not have personal jurisdiction because "he had moved to Germany in August 2020 and had no further contacts with the State of Maryland."[5]  (Opp'n to Pl.'s Mot. for Default J. 9, ECF No. 40.)  Bases of personal jurisdiction are set forth in Md. Code, Cts. & Jud. Proc. §§ 6-101–6-104.  General jurisdiction is set forth in Md. Code, Cts. & Jud. Proc. § 6-102(a), which provides that "[a] court may exercise personal

---

[5] Defendant's representations to this Court are rife with inconsistencies.  In his Declaration, Georg states "I left the United States and returned to Germany permanently on August 14, 2020."  (Decl. Heinz Otto Georg ¶ 4, ECF No. 33-1.)  In the following Paragraph, he states "[s]ince April 2, 2021, I have resided in Germany."  (*Id.* at ¶ 5.)  In his Motion to Vacate Order of Default (ECF No. 27), Georg states—through counsel—"[d]uring the pendency of this case, Georg had moved from Maryland and returned to Germany." (*Id.* at ¶ 9.)  In his Bankruptcy Petition filed on October 30, 2021, Georg swore under oath that he resided at 250 President Street, Apartment 1302, Baltimore, MD 21202, and further stated that "[o]ver the last 180 days before filing this petition, I have lived in this district longer than in any other district."  (Ex. 1, ECF No. 28-1.) Nevertheless, the earliest Defendant has claimed to have returned to Germany is April 2, 2021, and the claims under the Note arose well before that date.

jurisdiction as to any cause of action over a person domiciled in, served with process in, organized under the laws of, or who maintains his principal place of business in the State." "Whether general or specific jurisdiction is sought, a defendant's 'contacts' with a forum state are measured as of the times the claims arose"—not at the time the Complaint was filed. *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 923 (D. Md. 1995). Here, Georg concedes that he stopped paying on the Note in 2009, (Opp'n to Pl.'s Mot. for Default J. 1, ECF No. 40), failing to make over 11 years of payment while residing in Maryland until at least April 2020. Thus, the Court has general jurisdiction over Georg because he was domiciled in Maryland while the claims arose.

Moreover, this Court has specific jurisdiction over Georg pursuant to Maryland's long-arm statute. MD. CODE, CTS. & JUD. PROC. § 6-103. In relevant part, § 6-103(b)(5) provides that "[a] court may exercise personal jurisdiction over a person, who directly or by an agent . . . [h]as an interest in, uses, or possesses real property in the State." Section 6-103(b)(5) authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002); *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 212–13 (4th Cir. 2002). Accordingly, the inquiry is whether the defendant purposefully established "minimum contacts" with Maryland such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). As noted, "a defendant's 'contacts' with a forum state are measured as of the times the claims arose." *Hardnett*, 897 F. Supp. at 923. Here, the cause of

action arose in 2009, when Defendant lived in Maryland and owned the subject property secured by the Note. As such, this cause of action arises out of Georg's interest, use, and possession of the subject property in Maryland and Georg clearly had minimum contacts with Maryland.

Lastly, Defendant waived any challenge to personal jurisdiction by not asserting the defense earlier. Pursuant to Federal Rule of Civil Procedure 12(b), a defense of lack of personal jurisdiction is waived "if not timely raised in the answer or a responsive pleading." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982). Defendant failed to assert a defense of personal jurisdiction in his Motion to Vacate Order of Default, (ECF No. 27), thus, he waived the defense of a lack of personal jurisdiction.

### B. Defendant's Argument Regarding Plaintiff's Lack of Standing Is Untimely and Without Merit.

In Defendant's Opposition to Plaintiff's Motion for Default Judgment, Georg asserts for the first time that Plaintiff lacks standing because "the Note attached to the Complaint only includes a purported indorsement by First Horizon Home Loan Corporation on a blank sheet of paper and does not identify what instrument is purportedly being indorsed." (ECF No. 40 at 10–11.) In its Complaint, Plaintiff alleges that "Old Republic is in possession of the Note, which is indorsed in blank, and is therefore the holder of the Note and entitled to enforce the Note." (Compl. ¶ 7, ECF No. 1.) By his default, Defendant "admit[ted] the [P]laintiff's well-pleaded allegations of fact." *Ryan*, 253 F.3d at 780. As such, the time for Georg to dispute whether the Note was properly indorsed has passed.

Furthermore, Defendant's contest to Plaintiff's standing is without merit. First, Georg argues that because the indorsement is on a blank piece of paper, it is unclear whether it is an

indorsement for the Note.  (Opp'n to Pl.'s Mot. for Default J. 10, ECF No. 40.)  Plaintiff avers

that the Affidavit of Zachary Lee, the last servicer of Georg's Nationstar loan, attached as

Exhibit 2 to Old Republic's Motion for Default Judgment, properly authenticates the Note,

and the second sheet of paper is simply an allonge to the Note.  (Pl.'s Reply 8, ECF No. 43);

*Deutsche Bank Nat'l Tr. Co. v. Brock*, 63 A.3d 40, 42 n.3 (Md. 2013) ("Pursuant to [Md. Code],

Com. Law Art., § 3-204(a), an allonge is considered to be a part of the Note.").  Georg further

argues that the indorsement in blank is insufficient to establish Old Republic's standing

because there is no indorsement from the Note's previous holder, Bank of New York Mellon.

(ECF No. 40 at 10).  However, as Plaintiff correctly notes, a note indorsed in blank may be

enforced by the person in possession of the note.  *Deutsche Bank Nat'l Tr. Co.*, 63 A.3d at 49

("Thus, the person in possession of a note, either specially indorsed to that person or indorsed

in blank, is a holder entitled generally to enforce that note.")  Here, the Note is indorsed in

blank and in Old Republic's possession, thus Plaintiff is a holder entitled to enforce the Note.

### C. Defendant's Attempt to Seek Reconsideration of this Court's Denial of His Motion to Vacate the Default Order Is Without Merit and Untimely.

In Defendant's Opposition to Plaintiff's Motion for Default Judgment, Georg

challenges this Court's previous Order (ECF No. 38) denying his Motion to Vacate Order of

Default (ECF No. 27) as an abuse of discretion.  (ECF No. 40 at 11–13.)  First, Georg

contends that "erroneous factual premises underlying the Court's denial of [Defendant]'s

motion to vacate warrant denying Plaintiff's Motion."  (*Id.* at 12.)  He then asserts that this

Court "applied an incorrect legal standard in concluding that Mr. Georg does not have any

meritorious defenses."  (*Id.* at 13.)  Old Republic asserts that this Court was well within its

discretion to deny Defendant's Motion "[i]n view of [Georg's] persistent and successful effort

to delay this litigation and subvert the judicial process." (Pl.'s Reply 9, ECF No. 43.) Old Republic further avers that Georg did not move this Court to reconsider its February 23, 2023 decision, opting instead to couch this argument in its Opposition to Plaintiff's Motion for Default Judgment, filed almost two months later. (*Id.*)

First, Georg contends that he "only missed one filing deadline." (ECF No. 40 at 12.) Defendant asserts that he "timely responded" to the Court after "he was finally served" with the Complaint on July 30, 2021. (*Id.*) However, he fails to acknowledge that his "response" was clearly not an Answer to the Complaint. In his "response," dated August 11, 2021 and filed August 17, 2021, Georg indicated that "[he] ha[d] no assets only a limited retirement which [he] use[d] to support [his] wife in the US." (ECF No. 12.) His response attached a Certificate of Cancellation of Debt from Nationstar Mortgage, (ECF No. 12-1), which was issued by mistake and later retracted. (Ex. 3, ECF No. 28-3.) Thereafter, Old Republic requested this Court issue an Order requiring Georg to file an Answer comporting with the Rule 8(b) and either admit or deny the allegations in the Complaint. (Mot. Requiring Def. to Am. Answer, ECF No. 13.) On August 30, 2021, this Court issued an Order requiring Georg to file an Amended Answer in compliance with the Federal Rules of Civil Procedure, warning Defendant that if he failed to do so within fourteen days, the Court might strike the Order or deem the allegations in the Complaint as admitted. (Order, ECF No. 14.) On September 13, 2021, Georg emailed the Court, seeking an additional extension of time to respond to the Complaint, (ECF No. 15), and this Court granted him a sixty-day extension that same day. (Order, ECF No. 16).

On October 30, 2021, Georg filed a Chapter 7 bankruptcy case in the United States

Bankruptcy Court for this District.   (Suggestion of Bankr., ECF No. 17.)   On November 15, 2021, this Court administratively closed this Action to comply with the stay provision of 11 U.S.C. § 362(a).  (ECF No. 18.)  While Georg contends that he was unaware that counsel had filed the Bankruptcy Petition on October 30, 2021, (ECF No. 40 at 7), his Bankruptcy Petition included a Baltimore address and indicated that he had assets worth between $500,000 and $1,000,00 and no liabilities, (ECF No. 28-1 at 1, 6), contradicting several of Georg's contemporaneous representations to this Court.

On May 6, 2022, Georg's Petition—which Plaintiff argues "was not part of a legitimate effort for bankruptcy protection, but instead part of a deliberate effort to stall this litigation" (ECF No. 36 at 3)—was dismissed by the Bankruptcy Court due to Defendant's failure to file a Chapter 13 Plan.  (ECF No. 19.)  This case was reopened on May 11, 2022.  (ECF No. 20.) In the Order reopening the case, this Court directed Georg to comply with its previous Order requiring Defendant file an amended answer to the Complaint within twenty-one days.  (*Id.*) After no amended answer was filed,[6] Plaintiff filed a Motion to Strike Defendant's previous letter to the Court and to deem the allegations in the Complaint admitted as true on June 3, 2022.   (ECF No. 21.)   On June 7, 2022, this Court granted that Motion and Defendant's letter was stricken and the allegations in Plaintiff's Complaint were deemed true. (Order, ECF No. 23.)  Two days later, Plaintiff filed a Motion for Clerk's Entry of Default for want of answer, (ECF No. 24), and a Clerk's Entry of Default and Notice of Default as to

---

[6] In its Opposition to Plaintiff's Motion for Default Judgment, Defendant incorrectly notes that "Plaintiff filed its motion for default even though the time for Mr. Georg to respond had not expired."  (ECF No. 40 at 12.)  Georg had until June 1, 2022 to file an amended answer, (ECF No. 20), and Plaintiff's subsequent filing was filed June 3, 2022.  (ECF No. 21.)

Defendant were filed on June 10, 2022.  (ECF Nos. 25, 26.)  While it may be true that "Georg only missed one filing deadline," Defendant's recital of cherry-picked facts without regard for necessary context is unpersuasive to this Court.

Georg further avers that this Court "applied an incorrect legal standard in concluding that [Defendant] does not have any meritorious defenses."  (ECF No. 40 at 11–13.)  In order for a defense to be meritorious, a defendant must make a factual showing that "would permit a finding for the defaulting party."  *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).  The burden for proffering a meritorious defense is not onerous; "[a]ll that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).  "The question of whether the factual allegation[s] [are] true is not to be determined by the court when it decides the motion to set aside the default.  Rather, that question would be the subject of the later litigation."  *Mesle*, 615 F.3d at 1094 (citations omitted).  In denying Defendant's Motion to Vacate Clerk's Entry of Default, this Court found that Defendant's Motion (ECF No. 27) failed to highlight any meritorious defenses and that the two defenses raised for the first time in his Reply (ECF No. 31) under the doctrine of accord and satisfaction and *res judicata* did not satisfy the minimal nature of the burden Georg needed to carry to make a factual showing that would permit a finding in his favor.  (ECF No. 37 at 7–9.)

Lastly, Local Rule 105.10 governs the timeframe for filing a Motion to Reconsider in this District.  It provides that "[e]xcept as otherwise provided in Fed. R. Civ. P. 50, 52, 59 or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not

more than fourteen (14) days after entry of that order."   Local Rule 105.10 (D. Md. 2021).
Thus, not only is Georg's argument without merit, but it is also untimely under Local
Rule 105.10, and therefore it must fail.

In short, Georg has failed to comply with the Orders of this Court and the Bankruptcy
Court.  His arguments with respect to jurisdiction, standing, and reconsideration are without
merit and appear to be dilatory.

## II.    Liability

In considering a motion for default judgment, this Court accepts as true the
well-pleaded factual allegations in the complaint as to liability.  *See Ryan*, 253 F.3d at 780–81.
Nevertheless, this Court must determine "whether the well-pleaded allegations . . . support the
relief sought in this action."  *Id.* at 780.  Here, Old Republic has brought a breach of contract
claim based on Defendant's nonpayment and transfer of the subject property.  (Compl., ECF
No. 1.)

To state a breach of contract claim, a plaintiff must show that the parties reached a
valid and binding agreement; that the defendant breached the terms of the agreement; and that
the plaintiff suffered damages as a result of the breach.  *See Taylor v. NationsBank, N.A.*, 776
A.2d 645, 651 (Md. 2001).  In other words, "[i]t is the parties' agreement that ultimately
determines whether there has been a breach."  *Mathis v. Hargrove*, 888 A.2d 377, 396 (Md.
2005).

Old Republic has successfully made out a claim of breach of contract for Georg's
nonpayment and transfer of the subject property.  First, the Note is a valid and binding
agreement between Plaintiff and Defendant.  As discussed above, a note indorsed in blank

may be enforced by the person in possession of the note. *Deutsche Bank Nat. Tr. Co.*, 63 A.3d at 49 ("Thus, the person in possession of a note, either specially indorsed to that person or indorsed in blank, is a holder entitled generally to enforce that note.")  Here, the Note is indorsed in blank and in Old Republic's possession, thus Plaintiff may enforce the Note.

Second, by failing to make monthly payments, Georg breached the parties' agreement, causing Old Republic to suffer damages.  Pursuant to Section 3 of the Note, Georg was obligated to make monthly payments.  (Ex. 1, ECF No. 1-2.)  Pursuant to Section 6, the Note holder may charge a 5% late fee on the monthly payment due if the monthly payment is not received within fifteen days after it was due and Georg would be in default if he failed to make the required monthly payments.  (*Id.*)  Beginning on March 1, 2009,[7] Georg failed to make the required monthly payments, in breach of the parties' agreement.  (Compl. ¶ 11, ECF No. 1.)  As per Section 6, Old Republic elected to accelerate the amounts due under the Note and provided Georg the requisite notice of acceleration, thus it is entitled to collect the entire principal and interest due under the Note.  (*Id.* at ¶ 12.)

Third, by conveying the subject property, Georg breached the parties' agreement, causing Old Republic to suffer damages.  Pursuant to Section 10 of the Note, Georg was contractually obligated not to transfer the subject property without the Note holder's prior consent.  (Ex. 1, ECF No. 1-2.)  On October 24, 2018, Georg executed a deed conveying the property from Georg and his wife as tenants by the entireties to his wife as the sole owner of

---

[7] As Plaintiff correctly notes, the applicable limitations period of Old Republic's claim is twelve years, as the Note is signed under seal, MD. CODE, CTS. & JUD. PROC § 5-102, and the exceptions of § 5-102(c)(2) are inapplicable.  As each required monthly installment is a new breach, *Avery v. Weitz*, 407 A.2d 769, 771 (Md. 1979), Old Republic may seek money due from a breach occurring twelve years before April 2, 2021, the day this lawsuit was filed.  As such, Old Republic is seeking all amounts due from May 1, 2009 forward.

the property.   (Compl. ¶ 17, ECF No. 1.)   Thereafter, on February 14, 2019, his wife transferred the property to herself and her daughter as joint tenants.   (*Id.*)   The Note provides that the holder is entitled to demand payment of all amounts due under the Note as a result of such a transfer.  (Ex. 1 § 10, ECF No. 1-2.)   As set forth above, Georg has failed to pay the amounts due, which include the principal balance, interest, and late fees.

Accordingly, this Court finds that Old Republic's well-pleaded factual allegations fully support its claim for breach of contract against Georg, and default judgment is entered against him.

### III.    Relief Requested by Plaintiff

Next, this Court must make an independent determination regarding the appropriate relief.  As noted, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  In the present case, Old Republic's pleadings satisfy this requirement.  Specifically, Plaintiff seeks damages, attorneys' fees, and costs.  This Court has held that as long as the defendant receives notice that some damages may be awarded, allegations and supporting affidavits regarding damages suffice to support a default judgment for money damages.  *Monge*, 751 F. Supp. 2d at 796–97.  In this case, Georg had notice of the damages sought by Old Republic through the Complaint, if not through his own records.  While Defendant avers that Plaintiff has failed to prove damages, (ECF No. 40 at 13), the affidavits of Zachary Lee (ECF No. 39-4) and Farida Rampersaud (ECF No. 39-7) and case record fully support Old Republic's request for default judgment.

### A. Damages

In its Complaint, Old Republic requests "$1,130,119.00 in unpaid principal, $896,283 in unpaid interest, $51,695.48 in late fees, plus attorneys' fees and costs," indicating that "[t]he amounts due will continue to increase during the pendency of this lawsuit." (ECF No. 1.) Through its Motion for Default Judgment, filed March 24, 2023, Plaintiff seeks damages in the amount of $1,130,119.00 in unpaid principal, plus post-judgment interest on this amount, plus unpaid interest and late fees, as well as attorneys' fees and costs. (ECF No. 39.)

As a preliminary matter, this Court addresses Defendant's assertion that Plaintiff has failed to prove damages in its Opposition. First, Defendant contends that the provided transaction history (Ex. 3, ECF No. 39-5) only provided transactions through July 18, 2018. (ECF No. 40 at 13–15.) Georg does not claim that he made payments thereafter or dispute the Plaintiff's calculations, instead, he avers that "around this same time . . . Nationstar . . . issued a f[or]m 1099-C to [Georg] informing him that it had discharged his debt related to the [subject property] and later [Bank of New York Mellon], the owner and holder of the Note, released its interest in the subject property." (*Id.* at 14.) Plaintiff provides evidence that the 1099-C was issued in error and retracted, (Pl.'s Reply 12–13, ECF No. 43; Ex. 3, ECF No. 28-3), and the Deed of Trust was released in 2019 only after the Maryland Supreme Court held that it was not enforceable. *Bank of New York Mellon v. Georg*, 175 A.3d 720 (Md. 2017). (Pl.'s Reply 13, ECF No. 43.) Moreover, affidavits submitted by Old Republic confirm that Georg did not make any payments after March 1, 2009. (Ex. 2, ECF No. 39-4; Ex. 5, ECF No. 39-7.)

Second, Defendant asserts that Old Republic may not accelerate the amounts due

under the Note.  (ECF No. 40 at 14.)  Section 6(C) of the Note provides:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all of the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(Ex. 1 § 6(C), ECF No. 1-2.)   In his Opposition, Defendant stated "while Old Republic suggested that it would exercise its rights under Section 6([C]) of the Note, there is no record of [Plaintiff] having done so."  (ECF No. 40 at 15.)  This assertion is plainly contradicted by the letters dated February 16, 2021  and  March 2, 2021,  which stated, "Old Republic is accelerating the loan and requiring [Georg] to pay all sums due under the Note" and advised Georg that payment was required within 30 days. (Ex. 4, ECF No. 39-6.)  A footnote at the bottom of the letter explained "you are also in default pursuant to Section 6(C), as you have failed to pay the amounts due under the Note . . . [and] [a]s provided for in Section 6(C), Old Republic will accelerate the full amount of unpaid principal and interest if you do not pay the amounts due within thirty (30) days of the date of this letter."  (*Id.*)  The letters unequivocally put Georg on notice that the total amount due under the Note was accelerated and due if payment of all amounts due was not made within 30 days of the letter, pursuant to Section 6(C) of the Note.  No such funds were paid, thus all unpaid principal and interest due under the Note were accelerated.  As such, and as further detailed below, Plaintiff has met its burden regarding damages.

Turning now to calculate damages, the principal amount is clearly established in the Note.  (Ex. 1, ECF No. 39-3; *see also* Ex. 3, ECF No. 39-5.)  The affidavit of Zachary Lee, the last servicer of Georg's Nationstar loan, states: "All payments prior to March 1, 2009 were for

the interest only and not the principal balance of the loan.  [Georg] never made any payments toward the principal balance.  As such, at the time the Note was transferred to Old Republic, the amount of principal was $1,130,119.00."  (Ex. 2 ¶ 8, ECF No. 39-4.)  Furthermore, the affidavit of Farida Rampersaud, Old Republic's Recovery Manager and Claims Counsel, indicates that Old Republic has possession of the Note and Georg has failed to make any payments to Old Republic.  (Ex. 5 ¶¶ 5–6, ECF No. 39-7.)

Interest on the principal per month in the amount of is $6,356.92 is also clearly established in the Note.  (Ex. 1, ECF No. 39-3.)  Almost fourteen years have elapsed between May 1, 2009[8] and March 1, 2023.  As such, the amount of interest due from May 1, 2009 through and including March 1, 2023 is $1,055,248.72.

Regarding late fees, Section 6(A) of the Note permits the Note holder to charge a 5% late fee charge on the monthly payment due if the monthly payment is not received within 15 days after it was due.  (Ex. 1, ECF No. 39-3.)  Pursuant to Section 3(B), Georg was required to make monthly interest only payments of $6,356.92 for the first 120 months.  (*Id.*) Thereafter, Georg was required to make monthly principal and interest payments of $8,593.02. (*Id.*)  As the first payment was due on December 1, 2006, the monthly amount was scheduled to change from the lower amount to the higher amount on December 1, 2016.  (*Id.*)  From May 1, 2009 to November 1, 2016, the monthly payment was $6,356.92 and the monthly 5% late fee was $317.85.  Ninety-one months passed between these dates for a total amount of late fees during this time period of $28,924.35.  From December 1, 2016 through

---

[8] As discussed above, the applicable limitations period is twelve years, and this action was filed on April 2, 2021.  As such, Old Republic is seeking all amounts due between May 1, 2009 and the present.

March 1, 2023, the monthly payment was $8,593.02 and the monthly 5% late fee was $429.65. Seventy-six months passed between these dates for a total amount of late fees during this time period of $32,653.47.  Total late fees through March 1, 2023 are $61,577.82—the sum of $28,924.35 and $32,653.47.

**B. Attorneys' Fees and Costs**

Finally, Plaintiff seeks attorneys' fees and costs.  Section 6(e) of the Note provides that Georg is responsible for costs and expenses incurred by the Note holder in enforcing the Note.  (ECF No. 39-1 at 7.)  Old Republic contends, and this Court agrees, that because it elected to exercise the acceleration provisions, Georg is liable for Plaintiff's attorneys' fees and costs.  (*Id.*)  Specifically, Old Republic requests that it be permitted to submit the requisite proof of attorneys' fees thirty-five days after the Court's Order.  Local Rule 109.2(a) (D. Md. 2021).  Plaintiff is directed to file supplementary briefing to establish attorneys' fees and costs.

21

## CONCLUSION

For the reasons stated above, Plaintiff Old Republic National Title Insurance Company's Motion for Default Judgment (ECF No. 39) is GRANTED.  The Court enters judgment against Defendant in favor of Plaintiff in the amount of $1,130,119.00, plus post-judgment interest on this amount, plus $1,055,248.72 in interest and $61,577.82 in late fees.  Defendant is required to pay Plaintiff's reasonable attorneys' fees and costs, and Plaintiff shall file a Memorandum supporting its reasonable fees and costs within thirty-five days of this Order.

A separate Order follows.


Dated: June 1, 2023


_____/s/_____
Richard D. Bennett
United States District Judge

22